UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                        )
                                              )
KEITH LAMENT DOWNEY                           )    CASE NO.: 08-11081(1)(7)
SHERYICE NYCOLE DOWNEY                        )
                                              )
                        Debtor(s)             )

**MEMORANDUM-OPINION**

This matter is before the Court on the Objection of Creditor Nancy Oliver Roberts ("Roberts") to Exemptions of Debtors Keith Lament Downey and Sheryice Nycole Downey ("Debtors"). The Court took the matter under submission following a hearing on Roberts' Objection. For the following reasons, the Court **OVERRULES** the Objection.

**LEGAL ANALYSIS**

Property that is claimed as exempt will be exempt unless a party-in-interest objects. 11 U.S.C. §522(l). An objecting party must establish by a preponderence of the evidence that the debtor is not entitled to claim the disputed exemption. Fed. R. Bankr. P. 4003(c); Borders v. Stout, 2008 W.L. 731199 (W.D. Ky. 2008). Exemptions are to be liberally construed in favor of the debtor. Id. With these guidelines in mind, the Court examined each part of Roberts' Objection.

Roberts states four different Objections to the Debtors' claimed and unclaimed exemptions. Because Roberts had the burden of proof by a preponderence of the evidence and failed to carry her burden, and also because many of the Objections are as to yet, unclaimed exemptions, each Objection is overruled.

Roberts' first claim is that Debtors claimed exemption of $452.45 in their real property is too low. Roberts asserts that since Debtors purchased the property in 2006, there must be more

equity than $452.45. The exemption was claimed by Debtors pursuant to 11 U.S.C. §522(d)(1) which permits a debtor to exempt $20,200 in value in real property that debtor uses as a residence. The Court sees no basis for Roberts' Objection, nor was any evidence as to value of the property submitted.

The second Objection states that Roberts objects to any unclaimed exemption on Debtors' vehicles. Roberts then challenges the values listed on four vehicles on Debtors' Schedule B, again without providing any evidence in support of her claim. Roberts appears to object to allowing Debtors to amend their Petition to list an unscheduled vehicle or to claim an exemption in these vehicles. A review of the Debtors' Petition shows that Debtors have not claimed an exemption in any of the scheduled vehicles, nor have Debtors moved to amend Schedule C to claim an exemption in a vehicle. Accordingly, this Objection is baseless.

The third Objection is also based on an exemption that has not yet been claimed by Debtors. Roberts is apparently concerned that Debtors own disc jockey equipment not listed on their Schedules. The Court is at a loss to explain how Roberts can object to an exemption that has not been claimed. This is not the proper remedy for allegedly unscheduled property.

Finally, Roberts objects to Debtors' claimed exemption in $1,000 worth of miscellaneous jewelry. This Objection is based on "undersigned's observation of Debtors [that] there appeared to be more jewelry worth a greater amount than $1,000." Debtors claimed an exemption of $1,000 in miscellaneous jewelry pursuant to 11 U.S.C. §522(d)(4), which allows an exemption of $1,350. Again, the Court is at a loss to explain Roberts' Objection, without any tendered evidence in support of her claim.

## **CONCLUSION**

For all of the above reasons, the Objection to Exemption of Creditor Nancy Oliver Roberts is **OVERRULED**.

*Joan A. Floyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 6, 2009

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KEITH LAMENT DOWNEY ) | CASE NO.: 08-11081(1)(7) |
| SHERYICE NYCOLE DOWNEY ) | |
| ) | |
| Debtor(s) ) | |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection to Exemptions of Creditor Nancy Oliver Roberts**,** be and hereby is, **OVERRULED.**

Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 6, 2009